The Vice-Chancellor.
It is settled in England, after much discussion, that the court of chancery will grant maintenance to an infant, out of his estate subject to the control of the court, upon a petition, without any suit pending or instituted. But a receiver for that purpose will not be directed, except upon a bill filed. (Ex parte Mountfort, 15 Ves. 445 ; Ex parte Myerscough, 1 J. & W. 151; 3 Dan. Ch. Pr. 422.)
In this case, a mere order for support, which is all that a petition would effect, would not improve the infant’s condition. In truth, she needs no adjudication on that point, because if the will be established, she is confessedly entitled to a maintenance by the will, (not exceeding $500 a year during the life of her grandmother ;) and if the will be set aside, she is the absolute owner of one fourth of the estate, subject to the rights of the widow of the decedent. Her difficulty is, that the will is contested ; the litigation has continued for six or eight months, and it may be protracted by appeals for a long period, and in the mean time she receives from the estate no support whatever.
The question therefore is, can she maintain a bill for her support, under such circumstances?
It is objected, first, that her bill proceeds on the ground of an intestacy, in which event she is a tenant in common, seised of the real estate, and having a legal right to her share of the rents, which either her general guardian, or her father as guardian in socage, may receive. The answer to this is, that neither the infant nor her guardian, have actual possession of any of the real estate ; and she cannot recover her undivided share, without going through the controversy arising upon the will by which it is vested in trustees. In this aspect of the case, Lowndes v. Haddington, decided by Lord Eldon in 1805, is an *572 authority for directing a receiver of her share of the rents, and requiring the persons in possession to pay such share to the receiver.
Then, in the other aspect of the case ; the trusts of the will, if that be assumed valid, effectually bar her and her guardian from meddling with any part of the property.
While the will is in contestation before the surrogate, the trustees cannot be compelled to act under it; nor is this court to compel the infant, when her interest is so plainly the other way, to acquiesce in the will without probate, and apply under its provisions for her support.
The result is this. The complainant is entitled in any event, to the support she seeks by the bill. A petition will not relieve her, because her interest in the estate, whether it be legal on an intestacy, or equitable under the will, is not in such a custody as the court can affect it by an order or a petition. She cannot assert her alleged legal rights, because of the outstanding unestablished will; she ought not to be driven to acquiesce in the will before probate; and were it her interest to assent, there is as yet no trustee whom the court can compel to pay according to the will. No other mode for her relief appears to be practicable, and I think a bill for the purpose ought to be entertained.
I think however, that all the persons named as executors, and trustees in the will, should be parties; inasmuch as the order for her relief, will necessarily affect property which is vested in them, if the will be valid.
An order may be entered allowing such an amendment, and thereupon referring it to a master to ascertain what sum annually from the testator’s death ought to be allowed to the infant, (not exceeding $500 during Mrs. Tonnele’s life time,) for her support and education. The order will provide that unless an amicable arrangement shall be made for the payment of the sum thus fixed, a receiver is to he appointed, to whom a sufficient amount of rents and profits to meet such payment and the receiver’s charges, (not exceeding however one fourth' of the net income of the real estate,) shall be paid quarterly by the persons in possession.
If .any relative of the infant think it .proper to contest the *573 father’s right to have the custody of the complainant and to receive and disburse the provision thus made for her support, or his fitness for those duties; the master will be directed to inquire into and ascertain whether the father should be thus entrusted, and if not, then to nominate some person to act as her guardian.